IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

R.S.,

      Plaintiff,

                                 Civil Action 2:25-cv-0965
                                 Judge Algenon L. Marbley
      v.                           Magistrate Judge Elizabeth P. Deavers


RED ROOF INNS, INC., *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Transfer Venue.  (Mot., ECF No. 18.)  For the reasons stated herein, Defendants' Motion is **DENIED**.

## I.      BACKGROUND

Plaintiff R.S., a resident of Florida, alleges that she was trafficked for sex in 2015 at the Red Roof Inn located in Virginia Beach, a franchisee of Defendants.  (ECF No. 1, at ¶¶ 3–4, 19, 42.)  Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC each have their principal place of business in the Southern District of Ohio.  (*Id.* at ¶¶ 23–25, 33.)  On August 25, 2025, Plaintiff filed this action seeking to hold Defendants liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).  (*Id.* at ¶¶ 40–68.)  Plaintiff alleges that Defendants knew that sex trafficking occurred on their property, they facilitated and benefitted from Plaintiff's sex trafficking, and they knew or should have known of Plaintiff's sex trafficking.  (*Id.* at ¶¶ 13, 17, 48.)

Defendants moved this Court to transfer this case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  (Mot. at PageID 91.)  Plaintiff

filed a response in opposition.  (Resp., ECF No. 27.)  Defendants filed a reply brief in support of their Motion.  (Reply, ECF No. 29.)  This matter is ripe for judicial review.

**II.        STANDARD OF REVIEW**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The threshold issue under § 1404(a) is whether the action could be brought in the transferee court.  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).  If a case could be brought in the transferee court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)."  *Id.*  In balancing convenience, the Court must consider factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).  Relevant private interest factors to consider include the following: "(1) the plaintiff's choice of forum; (2) where the parties reside; (3) the location of willing and unwilling witnesses; (4) the location of evidence; and (5) the locus of events that gave rise to the dispute." *Olin-Marquez v. Arrow Senior Living Management, LLC*, 586 F. Supp. 3d 759, 776 (S.D. Ohio 2022) (internal citations omitted).  Relevant public interest factors include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home; (4) the public's general interest in systemic integrity and fairness; and (5) the court's familiarity with the

governing law." *Id.* at 778 (citing *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34, 2016 WL 1466559, at *1 (W.D. Ky. Apr. 14, 2016)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300, at *9 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("As the permissive language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate.") (quotation omitted).

## III.     ANALYSIS

In front of the Court, yet again, is the issue of venue in a TVPRA case where the corporate defendants—Red Roof Inns, Inc. and its related corporate entities—are located in the Southern District of Ohio.[1]  In accordance with its recent opinions denying motions to transfer

---

[1] *See* Case Nos. 2:22-cv-1924; 2:22-cv-2682; 2:22-cv-2734; 2:22-cv-3256; 2:22-cv-3258; 2:22-cv-3416; 2:22-cv-3766; 2:22-cv-3767; 2:22-cv-3768; 2:22-cv-3769; 2:22-cv-3770; 2:22-cv-3771; 2:22-cv-3772; 2:22-cv-3773; 2:22-cv-3774; 2:22-cv-3776; 2:22-cv-3778; 2:22-cv-3782;

venue,[2] absent jurisdictional or venue deficiencies, this Court will not exercise its discretionary power to transfer the cases to a different district court pursuant to § 1404. *Doe (S.S.) v. Red Roof Inns, Inc., et al.*, No. 2:24-cv-1780, 2025 WL 634434 (S.D. Ohio Feb. 27, 2025) (citing *In re Hotel TVPRA Litig.*, No. 2:22-cv-1924, 2023 WL 3075851, at *21 (S.D. Ohio Apr. 25, 2023)). While each case presents unique circumstances, this Court has repeatedly explained that the "public interest factors have become demonstrably more important, requiring this Court to consider the impact of transferring these cases as a whole, and not in isolation." *Id.* at *3.

Defendants argue that the Court should transfer this case to the Eastern District of Virginia because the Section 1404 venue factors weigh in favor of transfer, as Plaintiff is not an Ohio resident and alleges she was trafficked at a Red Roof Inn-branded property in Virginia. (Mot. at PageID 91, 93–100.) Defendants fail to distinguish the Court's numerous TVPRA decisions on venue.[3] As a result, Defendants' Motion requires minimal analysis. Defendants fail to persuade the Court that it should reach a different outcome in this case. Nothing in the record of this case indicates that the importance of the public interest factors has diminished.

Defendants do not assert that this Court lacks personal jurisdiction or that venue in the Southern District of Ohio is improper. Further, the Court finds that it has personal jurisdiction, and the Southern District of Ohio is a proper forum pursuant to 28 U.S.C. § 1391(b)(1), (c)(2), (d). In the absence of jurisdictional or venue deficiencies and Defendants' failure to distinguish

---

2:22-cv-3784; 2:22-cv-3786; 2:22-cv-3787; 2:22-cv-3788; 2:22-cv-3797; 2:22-cv-3839; 2:22-cv-3842; 2:22-cv-3844; 2:22-cv-3845; 2:22-cv-3846.

[2] *See* 2:24-cv-03076; 2:24-cv-03113; 2:24-cv-03919; 2:24-cv-03998; 2:24-cv-04058; 2:24-cv-04061; 2:24-cv-04141; 2:24-cv-00389; 2:24-cv-3991.

[3] Defendants "recognize" the Court's prior decisions on venue, but omit any discussion of the Court's analysis in prior decisions. (Reply, at PageID 245.)

this case from the Court's previous TVPRA decisions regarding venue, the Court **DENIES** Defendants' Motion (ECF No. 18).

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion (ECF No. 18) to Transfer Venue.

**IT IS SO ORDERED.**

Date: March 4, 2026

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

5